IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COMERICA BANK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 10 C 1930 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| FGMK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In this diversity action, Comerica Bank ("Comerica") sues accounting company FGMK, LLC ("FGMK") for negligence and negligent misrepresentation. Creditor Comerica alleges FGMK negligently audited and misrepresented Sysix Technologies, LLC's ("Sysix") financial statements. FGMK moves to dismiss the complaint for failure to state a claim. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

The following is derived from Comerica's complaint. In 2001, Comerica extended a line of credit to Sysix. Compl. ¶ 6 and Ex. A (Loan Agreement). Sysix was required to provide the bank an opening and annual balance sheet and statement of profit and loss and changes in cash flow audited by independent certified accountants. *Id.* ¶ 7 and Loan Agreement §§ 4.1(a) and (e). The loan was extended annually through 2008. *Id.* ¶ 9. Sysix retained FGMK to conduct the opening audit and the annual audits. *Id.* ¶ 10. FGMK was aware that a primary intent of Sysix in obtaining FGMK's services and audit opinions was to benefit, influence, and induce Comerica to

1

extend credit to Sysix. *Id.* ¶ 11. FGMK actively assisted Sysix in preparing its chief financial officer's certified statements regarding compliance with financial covenants in the loan agreement and with calculations made in preparing the statements. *Id.* ¶ 12. FGMK prepared draft financial statements for Comerica's use and review in connection with Sysix's request that Comerica waive financial covenants in the loan agreement. *Id.* FGMK "provided information to [Comerica] and also provided information to Sysix, which [FGMK] knew Sysix provided to [Comerica] and/or [FGMK] participated in providing to [Comerica], all for the purpose of guidance in [Comerica's] business dealings. This information included [FGMK's] audit reports, as well as draft financial statements that [FGMK] provided to [Comerica] and certifications from Sysix's chief financial officer that [FGMK] knew Sysix provided to [Comerica]." *Id.* ¶ 54.

By July 2009, Sysix was indebted to Comerica in excess of $21 million. *Id.* ¶ 15. Sysix's annual financial statements reflected sufficient assets to satisfy the debt. *Id.* ¶¶ 16-18. Sysix ceased operations in July 2009 after its president committed suicide. *Id.* ¶ 24. Comerica's loan is outstanding; Sysix's assets were grossly overstated and included fictitious accounts receivables. *Id.* ¶¶ 19-25.

## DISCUSSION

### I. Legal Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the complaint for failure to state a claim. In ruling on a Rule 12(b)(6) motion, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in Comerica's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide a short and plain statement giving FGMK fair notice of the nature and basis of each claim. *Bell Atlantic Corp. v. Twombly*,

2

550 U.S. 544, 555 (2007); *Tamayo*, 526 F.3d at 1081; Fed. R. Civ. P. 8(a)(2). This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp.*, 550 U.S. at 555. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Id.* at 555, 569; *Tamayo*, 526 F.3d at 1083.

## II. Duty

FGMK contends it owes no duty to Comerica because it contracted with and provided accounting services to Sysix, not Comerica. The lack of privity between FGMK and Comerica is not dispositive. An accountant's duty extends to third parties when the accountant was aware that a primary intent of the client was for the professional services to benefit or influence the third party. Illinois Public Accounting Act, 225 ILCS 450/30.1; *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 836-38 (7th Cir. 2007). The standard was met in *Freeman, Freeman, and Salzman, P.C. v. Lipper*, 812 N.E.2d 562 (Ill. App. Ct. 2004), by allegations that an investment fund's accountant sent investors and limited partners audit reports, knew they relied on the reports, and prepared the individual annual partnership income tax forms. Dismissal of the complaint was reversed because the allegations and reasonable inferences were that the accountant knew the audit reports were for the investors' benefit. *Id.* at 566-68; *cf. Tricontinental*, 475 F.3d at 839 (conclusory allegations that accountant participated in acquisition negotiations between its client and Tricontinental were insufficient where the complaint suggested the accountant's services were for the *client's* own benefit).

Comerica alleges that FGMK was aware that a primary intent of Sysix in obtaining FGMK's services and audit opinions was to benefit, influence, and induce Comerica to extend

3

credit to Sysix. Compl. ¶ 11. FGMK argues this allegation merely paraphrases the legal claim and lacks factual support. But Comerica alleges FGMK actively assisted Sysix's purported compliance with financial covenants in its loan agreement with Comerica. *Id.* ¶ 12. In addition, Comerica pleads that FGMK "provided information to [Comerica] and also provided information to Sysix, which [FGMK] knew Sysix provided to [Comerica] and/or [FGMK] participated in providing to [Comerica], all for the purpose of guidance in [Comerica's] business dealings. This information included [FGMK's] audit reports, as well as draft financial statements that [FGMK] provided to [Comerica] and certifications from Sysix's chief financial officer that [FGMK] knew Sysix provided to [Comerica]." *Id.* ¶ 54. FGMK has a point that this allegation is confusing. Nevertheless, assuming the truth of the allegations and drawing all reasonable inferences in Comerica's favor, FGMK allegedly provided client information such as Sysix's audit reports and draft financial statements to third-party Comerica with knowledge that Sysix's primary intent was to use the information to influence Comerica's lending decision. Comerica sufficiently pleads that FGMK owed it a duty under the Illinois Public Accounting Act.

### III.  Statute of Repose

FGMK argues that claims for conduct that occurred five years prior to the filing of this case are time barred. Illinois provides a five-year statute of repose for actions against public accountants. 735 ILCS 5/13-214.2(b) ("[i]n no event shall such action be brought more than 5 years after the date on which occurred the act or omission alleged in such action to have been the cause of the injury to the person bringing such action against a public accountant . . . .").

Comerica contends the statute of repose is not an absolute bar to untimely claims. *McRaith v. BDO Seidman, LLP*, 909 N.E.2d 310 (Ill. App. Ct. 2009). The issue in *McRaith* was

4

whether a tolling agreement extended the statute of repose. The court held the tolling agreement valid; the statute of repose may be tolled by statute or specific circumstance provided the action is not tolled indefinitely. *Id.* at 322-24, 326-29. Comerica fails to plead a statutory provision or circumstance warranting relief from the five-year statute of repose.

Comerica alleges Sysix was required to provide an opening audited balance sheet by February 28, 2001 and audited financial statements within 90 days of each subsequent fiscal year (March 31). Compl. ¶ 7. FGMK performed the annual audits for fiscal years ending December 31, 2001 through December 31, 2008. *Id.* ¶ 10. The statute of repose bars Comerica's claims pertaining to any alleged act or omission that occurred more than five years before this case was filed. The case was filed March 26, 2010. Dkt. 1. Accordingly, claims for negligence and negligent misrepresentation relating to the 2001, 2002, and 2003 financial statements are dismissed.

## CONCLUSION

Comerica's motion to dismiss the complaint for failure to state a claim is granted in part and denied in part. Comerica sufficiently pleads the existence of a duty under the Illinois Public Accounting Act. The statute of repose for actions against public accountants nevertheless bars claims based on conduct occurring more than five years prior to filing this case.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 2, 2010